No. 3156

Second Circuit

---

SAMUEL v. RISER

---

(November 10, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Courts—Par. 26, 88.**

The territorial jurisdiction of the City Court of Shreveport under Act No. 103 of 1898, comprising all of Ward 4, part of which was not in the city of Shreveport, cannot be extended by an ordinance of the Police Jury, after the consolidation of Shreveport with Cedar Grove, extending the limits of Ward 4 to comprise Cedar Grove also, as to matters in which the city of Shreveport is not directly concerned, such as state laws and ordinances of the Police Jury.

2. **Louisiana Digest—Courts—Par. 26, 88.**

The judge of the City Court of Shreveport, under Act No. 103 of 1898, is vested with jurisdiction of violations of the ordinances of the city of Shreveport and, therefore, became vested by the merger of the city of Shreveport with the city of Cedar Grove, with the power to enforce the ordinances of Shreveport over the added territory formerly Cedar Grove.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. T. F. Bell, Judge.

Action by David B. Samuel against S. M. Riser.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

B. F. Robert, Bryan E. Bush, of Shreveport, attorneys for plaintiff, appellant.

J. S. Peters, of Shreveport, attorney for defendant, appellee.

REYNOLDS, J. In this action, D. B. Samuel, Judge of the City Court of the city of Shreveport, proceeded by rule against S. M. Riser, Judge of the City Court of the city of Cedar Grove.

Plaintiff alleged that defendant was exercising the duties and functions of judge of the City Court of the city of Shreveport, and the rule ordered defendant to show cause why it should not be adjudged that he was unlawfully holding and exercising the duties of the office of judge of the City Court of the city of Shreveport.

On trial of the rule it was discharged at plaintiff's cost, and plaintiff appealed.

## OPINION

The pleadings and evidence establish that David B. Samuel is the duly elected and qualified Judge of the City Court of the city of Shreveport, which office was created by Act No. 103 of 1898, under which statute the office of justice of the peace in the fourth ward of Caddo parish (in which ward the city of Shreveport was situated at that time) was abolished and instead the City Court of the city of Shreveport was created with territorial jurisdiction co-extensive with ward four of the Parish of Caddo and such civil jurisdiction as was vested in the justices of the peace and criminal jurisdiction of offenses committed in said ward not punishable by imprisonment at hard labor under the laws of the state and of violations of ordinances of the city of Shreveport and of the Police Jury.

S. M. Riser is the duly elected and qualified Judge of the City Court of the city of Cedar Grove, which office was provided for under Section 2 of Act No. 96 of the extra session of 1921, being an amendment to the general municipal incorporation law (Act No. 136 of 1898) which declares that in wards containing cities of more than five thousand inhabitants a City Judge shall be elected by the voters of the ward in which the city is situated with such civil jurisdiction as is vested in justices of the peace and criminal jurisdiction for the trial of offenses under the laws of the state and violations of municipal and parochial ordinances.

As appears from the foregoing statement, the jurisdiction of the two courts, relative to their powers as to matters which they could consider, or their jurisdiction *ratione materiae*, was practically identical, and while the territorial jurisdiction of the City Court of the city of Shreveport, as fixed by the statute creating it, was ward four

of the Parish of Caddo, the territorial limits of the jurisdiction of the City Court of the city of Cedar Grove must be determined aliunde with reference to the limits of the ward in which the city of Cedar Grove was situated at the time of the creation of the court.

The evidence as to the ward in which the city of Cedar Grove was situated at the time of the creation of the court is not clear, but it appears to be conceded that the city was situated in ward nine and that subsequently the Police Jury created out of the territory comprising ward nine and possibly territory situated within the limits of other wards, ward ten, and that the officers charged with the duty of enforcing the laws, and especially S. M. Riser as Judge of the City Court of the city of Cedar Grove, recognized the limits of ward ten as constituting the territorial limits of the jurisdiction of that court; and while the evidence is somewhat vague and uncertain, we presume that it is conceded that the limits of ward ten are greater than the limits of the city of Cedar Grove and that the territorial jurisdiction of the City Court of the city of Cedar Grove extended over the ward as well as over the city of Cedar Grove, which was situated in the ward.

Under the provisions of Act No. 35 of 1924, elections were held in the cities of Shreveport and Cedar Grove, looking to the merger of the two cities, and the election resulting favorably to the consolidation, the governor, in accordance with the statute, on June 29, 1927, issued his proclamation declaring the two cities had been merged, the merger taking effect July 1, 1927.

Prior to the consolidation, the Police Jury of Caddo Parish (presumably having in view the consolidation of the two cities) adopted an ordinance extending the limits of ward four so as to embrace the territory

comprised within ward ten and abolished ward ten, the ordinance becoming effective July 1, 1927.

The contention of plaintiff seems to be that by reason of the consolidation of the two cities and the ordinances of the Police Jury, his jurisdiction, civil as well as criminal, was extended over the territory formerly comprised within the limits of the city of Cedar Grove, as well as over the territory formerly comprised within the limits of ward ten; or, in other words, that the City Court of the city of Cedar Grove, which formerly exercised jurisdiction over the city of Cedar Grove and the balance of ward ten, had been established by the merger of the two cities and the ordinances of the Police Jury.

The position taken by plaintiff involves two questions: First, the effect of the merger of the two cities; and, second, the effect of the ordinances of the Police Jury.

And if the latter had the effect claimed by plaintiff, it will be unnecessary to consider the former; and we shall, therefore, first consider the effect of the ordinances.

While counsel do not press the consideration of the effect of the ordinances, yet it is suggested that if the City Court of the city of Shreveport was vested by the statute creating it with jurisdiction over ward four of Caddo Parish and extending to matters of a civil nature of which justices of the peace were vested with jurisdiction and of violations of ordinances of the city of Shreveport and of the Police Jury of Caddo Parish, as well as violations of state laws, necessarily when the limits of ward four were extended by the Police Jury, the City Court of the city of Shreveport became vested with jurisdiction of all such matters over the extended territory.

The City Court of the city of Shreveport was created by act of the legislature in-

stead of the justice of the peace court and it was given territorial jurisdiction over territory which was at that time defined as the fourth ward of Caddo parish, and while the Police Jury had, at that time, power to rearrange and, in that manner, to change the limits of ward four, so as to affect the territorial jurisdiction of justice of the peace courts, we are not cited to any law or ruling holding that the Police Jury was vested with any power to change the territorial jurisdiction of the City Court of the city of Shreveport as fixed by the statute creating the court, and we are of the opinion that the territorial jurisdiction of the City Court of the city of Shreveport was not in any manner affected by the ordinances of the Police Jury extending the limits of ward four.

As to the effect of the consolidation of the two cities on the jurisdiction of the City Court of the city of Shreveport, the following questions are involved.

First: Did the merger have the effect of extending the jurisdiction of the City Court of the city of Shreveport over the territory formerly comprising the limits of the city of Cedar Grove relative to matters of a civil nature or to the enforcement of the ordinances of the Police Jury or the laws of the state?

Second: Did the merger have the effect of extending the jurisdiction of the City Court of the city of Shreveport over the territory formerly comprising the limits of the city of Cedar Grove as to ordinances of the City of Shreveport?

(1) The City Court of the city of Shreveport, as well as the City Court of the city of Cedar Grove, as we have previously stated, were created by or under statutes which abolished justices of the peace courts in the territorial jurisdiction fixed by the statute of the respective courts which were

created; and while the legislature had the power to abolish or to change the jurisdiction, territorial or otherwise, of such courts, as it might have deemed necessary, and while it may have had the power to enact laws where the jurisdiction of such courts would necessarily be affected in carrying into effect such statutes, yet it is not contended that, insofar as the jurisdiction of the respective courts is concerned, and as it relates to their jurisdiction over civil matters or criminal matters involving the enforcement of the laws of the state or the ordinances of the Police Jury, the statute under which the two cities were consolidated expressly provided for the extension of the jurisdiction of the City Court of the city of Shreveport.

But it appears to be urged that it may be inferred from the statute creating the City Court of the city of Shreveport, which provided that the judge of that court shall be vested with jurisdiction of such matters in the territory comprised within the limits of the city of Shreveport, that the limits of the city of Shreveport having been extended by the merger over the territory comprised in the limits of the city of Cedar Grove, it necessarily followed that the territorial jurisdiction of the City Court of the city of Shreveport was extended on the merger of the two cities.

The City Court of the city of Shreveport as created was not, strictly speaking, a municipal court, as its territorial jurisdiction extended beyond the limits of the municipality, and it was vested with jurisdiction over matters with which the municipality was only incidentally concerned as one of the governmental agencies of the state; and it having been created by the legislature, we think it is a state court; and the fact of the limits of the municipality being extended did not necessarily extend the jurisdiction of the City Court

of the city of Shreveport over the added territory as to matters with which the municipality was not dirctly concerned.

The City Court of Cedar Grove was also created by the Legislature and it was also given territorial jurisdiction beyond the limits of the municipality and over matters with which the municipality was only incidentally concerned, and to hold that the City Court of the city of Shreveport became vested with jurisdiction over the extended territory comprising territory formerly within the limits of the city of Cedar Grove as to matters with which the municipality was only indirectly concerned, would be, in effect, to say that the City Court of the city of Cedar Grove had been inferentially abolished by the consolidation of the municipalities, when it does not appear and is not suggested that as between the two courts there would be any conflict of jurisdiction.

We are therefore of the opinion that the merger of the two cities did not extend the jurisdiction of the City Court of the city of Shreveport over the territory formerly comprising the limits of Ward Ten of Caddo parish or within the former limits of the city of Cedar Grove, as to matters with which the municipality was not directly concerned.

(2) We think that the consolidation of the two cities was effected (and being of the opinion that defendant was not a municipal officer of the city of Cedar Grove, the question of the expiration of his term of office is irrelevant) and under the terms of the statute the ordinances of the city of Cedar Grove ceased to exist and the ordinances of the city of Shreveport became effective over the territory formerly comprising the city of Cedar Grove, and the judge of the City Court of the city of Shreveport being vested by the Legislature with jurisdiction of viola--

tions of the ordinances of the city of Shreveport, he became vested by the merger with power to enforce the ordinances of the city of Shreveport over the added territory formerly comprising the city of Cedar Grove.

Respondent, however, denied that he was attempting to enforce the ordinances of the city of Shreveport, and there is no evidence in the record indicating the contrary, and while we are of the opinion that the City Court of the city of Shreveport has jurisdiction to enforce the ordinances of the city of Shreveport in the added territory, we do not think the rule should be maintained even to that extent, as it appears, as above stated, that respondent was not in any manner interfering with the jurisdiction of plaintiff in enforcing the ordinances of the city of Shreveport; and being of the opinion that plaintiff's jurisdiction as to civil matters or criminal matters other than violations of ordinances of the city of Shreveport has not been extended over the territory formerly comprised in Ward ten, or the city of Cedar Grove, the judgment appealed from is affirmed.